# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

RECEIVED
BY MAIL
JUN 0 9 2005
CLERK, US DIST. COURT
ST. PAUL, MN

No. 04-2969

United States of America, *
*
Appellee, *
* Appeal from the United States
v. * District Court for the
* District of Minnesota.
Roger Lynn Carlson, *
* CR 02-236 DSD/SRN
Appellant. *

Submitted: March 17, 2005
Filed: April 28, 2005

Before WOLLMAN, GIBSON, and COLLOTON, Circuit Judges.

WOLLMAN, Circuit Judge.

Roger Lynn Carlson (Carlson) pled guilty to two counts of health care fraud, violations of 18 U.S.C. § 1347. He appeals from the district court's[1] imposition of a special condition as part of his sentence. We affirm.

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

SCANNED
JUN 0 9 2005
U.S. DISTRICT COURT ST. PAUL

I.

Carlson worked as a physician's assistant for more than fifteen years. He became addicted to prescription pain medication sometime in the late 1990s. He supported his addiction with prescriptions filled by medical providers. In order to obtain the prescriptions, Carlson repeatedly either injured himself or feigned injury. From April 1, 1998, to February 15, 2000, he visited more than 300 health care providers or facilities in nine states. Carlson's insurance company, Medica Health Plans, received more than $566,000 in claims and paid more than $246,000 to various providers. Carlson admitted that at least 40% of his out-of-state visits were based on self-inflicted injuries or fabricated medical conditions.

Following Carlson's guilty plea, the district court sentenced him to eight months' imprisonment, to be followed by three years of supervised release, one of the terms of which prohibited Carlson "from working in the medical field during the term of supervision." Carlson did not object at sentencing to the special condition.

In March 2004, Carlson filed a letter (which was converted to a habeas petition) seeking to remove the special condition from his sentence. Carlson asserted that his trial counsel had been ineffective in failing to appeal the special condition. The district court granted Carlson's habeas petition and granted him relief to file a direct appeal of the special condition. Carlson seeks to have the special condition removed so that he can again seek employment as a physician's assistant.

II.

We generally review the imposition of a special condition of supervised release for an abuse of discretion. United States v. Ristine, 335 F.3d 692, 694 (8th Cir. 2003). When a defendant fails to object to the special condition at sentencing, however, we review for plain error. Id. Although Carlson did not object to the special condition at sentencing, he nevertheless asserts that we should review the imposition of the condition for an abuse of discretion because the district court

granted his habeas petition on the basis that his trial counsel was ineffective in failing to object to the condition at sentencing. Cf. United States v. Sofsky, 287 F.3d 122, 125 (2d Cir. 2002) (applying abuse of discretion review to the imposition of a special condition even though defendant failed to object at sentencing). We need not decide whether the appropriate standard of review is abuse of discretion or plain error. Because the special condition at issue in this case is so clearly related to the crimes for which Carlson was convicted, the district court's action withstands review under either standard.

The district court may impose a condition of supervised release prohibiting the defendant from engaging in a specified occupation if it determines that: (1) a reasonably direct relationship existed between the defendant's occupation and the conduct relevant to the offense of conviction; and (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such a restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted. U.S.S.G. § 5F1.5; see also 18 U.S.C. § 3563(b)(5). If the court decides to impose an occupational restriction, it can do so only "for the minimum time and to the minimum extent necessary to protect the public." U.S.S.G. § 5F1.5(b).

Carlson and the government cite United States v. Cooper, 171 F.3d 582 (8th Cir. 1999), and United States v. Choate, 101 F.3d 562 (8th Cir. 1996), respectively, to support their views of the occupational restriction imposed by the district court. In both Choate and Cooper, we reviewed for an abuse of discretion a district court's imposition of an occupational restriction. Id. at 567; Cooper, 171 F.3d at 585. Cooper involved a former Army explosives expert who transported government-owned explosives from South Carolina to Iowa and placed them in a rented storage locker. 171 F.3d at 584. The activity went undetected for several years until Cooper was arrested on unrelated charges. Id. Cooper pled guilty to unlawfully transporting explosives and the district court imposed a special condition prohibiting him "from

employment as a truck driver if it involves absence from Cedar Rapids, IA, for more than 24 hours." Id. at 585. The condition effectively barred Cooper from his pre-detention occupation as an over-the-road trucker. Id. We found an abuse of discretion because "the occupational restriction [bore] *no* relationship to Cooper's offense of unlawfully transporting dangerous explosives to a storage locker many years ago." Id. at 586.

In Choate, the defendant pled guilty to two counts of wire fraud arising from a series of sham businesses that he had run. Choate, 101 F.3d 563-64. The district court imposed the special condition that Choate could not maintain self-employment during his supervised release. Id. at 566. We noted that "Choate has demonstrated that he is given to excesses of salesmanship that tend to creep up in business after business." Id. Because "[t]he district court [was] not required to pit its imagination against Choate's to anticipate what sort of business he could put to fraudulent use," we concluded that "[t]he prohibition on self-employment seem[ed] a reasonable way to protect the public from Choate's practices and to channel Choate's energies into a less destructive path." Id.

We find the instant case more akin to Choate than to Cooper. Carlson fraudulently obtained prescription medication hundreds of times over the course of several years. His occupation as an orthopedic physician's assistant placed him in close proximity to prescription medication, and he used sample medications obtained through his employment on at least two previous occasions. PSR at 2 ¶ 9. Although Carlson voluntarily sought inpatient treatment for his addiction in 2001, he withdrew from the program against medical advice and was characterized as having a "very high" risk of relapse. Id. at 10 ¶¶ 55-56. Given these facts, the district court did not abuse its discretion in prohibiting Carlson from working in the medical field during the term of his supervised release.

**III.**

The sentencing guidelines provide that a district court may impose a special condition only if it determines that an occupational restriction has a reasonably direct relationship to the conduct relevant to the offense of conviction and that without the restriction there is reason to believe that the defendant will engage in unlawful conduct similar to that for which the defendant was convicted. U.S.S.G. § 5F1.5. Carlson asserts that section 5F1.5 requires the district court to make findings that these conditions were met. Although the district court might well have spelled out in greater detail the findings that are implicit in its imposition of the occupational restriction, its failure to make such findings does not invalidate the restriction, which we conclude was well justified, if indeed not compelled, by Carlson's persistent, unrelenting pattern of unlawful conduct. Cf. United States v. Smith, 332 F.3d 455, 461 (7th Cir. 2003) (the reasonably direct relationship between defendant's occupation as a commercial truck driver and his crime of theft of interstate freight "is so obvious that we will not comment on it further"); United States v. Mills, 959 F.2d 516, 518, 519 (5th Cir. 1992) (although district court "imposed the sentence without entering findings of fact or issuing an opinion in support of the judgment," the defendant's occupation as a car dealer "obviously bears a direct relationship to his offense of tampering with odometers").

The sentence is affirmed.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans