PROB 12 (Rev. 11/1/2004)

FILED BY CLERK OF COURT RECEIVED

MAY 26 2006

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# United States District Court

**for the**

**DISTRICT OF MINNESOTA**

**United States v. Roger Lynn Carlson**

**Docket No. 0:02CR00236-001(DSD)**

**Petition on Supervised Release**

COMES NOW **John P. Rayman**, U.S. PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of **Roger Lynn Carlson** who was sentenced for Health Care Fraud, on April 10, 2003, by the Honorable David S. Doty, who fixed the period of supervision at 3 years supervised release, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- No new crimes.
- Abide by standard conditions of supervised release.
- No firearm, destructive device, or other dangerous weapon.
- Abstain from alcohol and not frequent establishments whose primary business is the sale of alcohol.
- Drug aftercare.
- Mental health aftercare.
- Financial disclosure.
- No work in the medical field.
- Mandatory drug testing.
- Restitution in the amount of $70,000.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

MANDATORY CONDITION: If the judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the schedule of payments set forth in the Criminal Monetary Penalties sheet of the judgment.

The defendant has failed to pay restitution in accordance with the schedule of payments established by the Court and directed by the U.S. Probation Officer.

STANDARD CONDITION #3: The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer.

The defendant verbally, and in written monthly statements to the probation officer, indicated he was paying his restitution in accordance with the established payment plan. In fact, these statements were false.

SCANNED
MAY 30 2006
U.S. DISTRICT COURT MPLS

DF
- summons issued 5/30

STANDARD CONDITION #6: The defendant shall notify the probation officer ten days prior to any change in residence or employment.

The defendant failed to notify the probation officer of a change in his employment on February 13, 2006.

PRAYING THAT THE COURT WILL ORDER That a summons be issued and the defendant be brought before the Court to show cause why supervision should not be revoked.

ORDER OF THE COURT

Considered and ordered this 26TH day of May, 2006, and ordered filed and made a part of the records in the above case.

Honorable David S. Doty
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

John P. Rayman
U.S. Probation Officer

Executed on May 25, 2006
Place Minneapolis